UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                              Case No. 04-33616 - WRS
                                                   Chapter 7
DEBORAH M. ROBINSON,

    Debtor,


DEBORAH M. ROBINSON,

    Plaintiff,                                Adv. Pro. No. 05-3036 - WRS

v.

U.S. DEPARTMENT OF TREASURY
AND STATE OF ALABAMA
DEPARTMENT OF REVENUE,

    Defendants.


## MEMORANDUM DECISION

This Adversary Proceeding is before the Court upon the motion for summary judgment filed by the State of Alabama Department of Revenue, (hereinafter "ADOR"). (Doc. 13). On September 28, 2005 the Court entered an Order stating that the Plaintiff shall respond to Defendant ADOR's motion for summary judgment within thirty (30) days of the date of this Order. (Doc. 14). For the reasons set forth below, the Court finds summary judgment is due to be entered in favor of Defendant ADOR and accordingly the Debtor's 1984, 1989, and 1992 state income tax liabilities are not discharged. Furthermore, the Debtor's 1999 state income tax liabilities are subject to discharge.

## I. FACTS

The Debtor filed a Chapter 7 petition in this Court on December 17, 2004. The Debtor has brought the instant complaint to determine the dischargeability of certain income tax liabilities for the tax years of 1984, 1989, 1992, and 1999, owed to both the United States of America, Department of the Treasury, Internal Revenue Service and ADOR. (Doc. 1). The matters involving the United States of America have been settled and both parties agree that as to that entity the federal income tax liabilities for the tax years 1984, 1989, 1992, and 1999 are discharged as such liabilities are not excepted under 11 U.S.C. § 523(a)(1). (Doc. 16). However, ADOR has filed a motion for summary judgment asserting that the Debtor filed delinquent income tax returns for the tax years 1984, 1989, and 1992, which were received on December 27, 2002. ADOR requests that in light of the delinquent filing of returns within two years of the filing of the Debtor's bankruptcy petition, the income tax liabilities for the tax years 1984, 1989, and 1992 are due to be excepted from discharge.

## II. CONCLUSIONS OF LAW

Summary judgment is proper only when there is no genuine issue of any material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56, made applicable to Adversary Proceedings pursuant to Fed. R. Bank. P. 7056; Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2553, 91 L.Ed. 2d 265 (1986); Jones v. City of Columbus, 120 F.3d 248, 251 (11th Cir. 1997). Federal Rule of

2
Case 05-03036    Doc 18    Filed 12/05/05    Entered 12/05/05 16:48:29    Desc Main
Document    Page 2 of 5

Civil Procedure 56(c) states the following:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c). The facts must be viewed in a light most favorable to the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed. 2d 202 (1986); Celotex Corp. v. Catrett, 477 U.S. at 322; Hail v. Regency Terrace Owners Ass'n, 782 So.2d1271, 1273 (Ala. 2000). At the stage of summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. at 249. To avoid an adverse ruling on a motion for summary judgment, "the nonmoving party must provide more than a mere scintilla of evidence." See Loyd v.Ram Indus., 64 F. Supp.2d 1235, 1237 (S.D. Ala. 1999) (quoting Combs v. Plantation Patterns, Meadowcraft, Inc., 106 F.3d 1519, 1526 (11th Cir. 1997).

"[W]here the movant's papers give the opposing party 'easily comprehensible notice' of the possible consequences of not replying to the motion, and the party does not provide a response to the motion, the court may consider as undisputed the facts set forth in the moving party's affidavits, and may enter judgment in favor of the movant." Garcia v. Grisanti, 998 F. Supp. 270, 272 (W.D.N.Y. 1998)(citing Champion v. Artuz, 76 F.3d 483, 486 (2d Cir. 1996)). Here, the Debtor has not responded to Defendant ADOR's motion for summary judgment, despite the fact that "easily comprehensible notice" has

been given to the Debtor by ADOR's moving papers. (Doc. 13; Henninger Affidavit)[1]. However, the failure to respond to a motion for summary judgment is not grounds for automatic entry of judgment in favor of the movant. Additionally, ADOR must establish that it is entitled to "summary judgment as a matter of law." Id. at 273.

11 U.S.C. § 523(a)(1)(B)(ii) excepts a tax obligation from discharge for which a return "was filed after the date on which such return was last due, under applicable law or under any extension, and after two years before the date of the filing of the petition . . ." See also Greenstein v. Illinois Department of Revenue (In re: Greenstein), 95 B.R. 583, 585 (Subsection (B)(ii) denies a discharge for a tax debt for any year regardless of when return was due, if the Debtor failed to file a timely return for that tax, provided that the late return was filed within two years before the Debtor filed the bankruptcy petition); Moroney v. United States (In re: Moroney), 352 F.3d 902, 905 (4th Cir. 2003)(Section 523(a)(1)(B)(ii) excludes from discharge taxes for which a return was filed both after the original due date and within two years of the filing of the Debtor's bankruptcy petition).

In this case, ADOR asserts that, the 1984, 1989, and 1992 Alabama income tax returns filed by the Debtor were received on December 27, 2002. (Doc. 13). These were returns were delinquent as they were respectively due to be filed with ADOR on or before April 15, 1985, April 15, 1990, and April 15, 1993. (Doc. 13). The Debtor filed the instant Chapter 7 petition on December 17, 2004. The December 27, 2002 receipt date is within two years of the filing of the Debtor's bankruptcy petition. Because the requirement of subsection (B)(ii) has been satisfied, the income tax liabilities owed to

---

[1] The movant has submitted along with its motion for partial summary judgment the affidavit of Richard Henninger, the Director of the Individual & Corporate Tax Division at the State of Alabama Department of Revenue. (Doc. 13).

ADOR for tax years 1984, 1989, and 1992 are excepted from discharge in the Debtor's bankruptcy case.

### III. CONCLUSION

In summary, the Debtor's Alabama income tax liabilities for tax the years of 1984, 1989, and 1992 are excepted from discharge. ADOR has not moved for summary judgment as to tax liabilities for the year 1999, and accordingly the income tax liabilities for this year will discharge. The Court will enter an Order consistent with this Memorandum Decision by way of a separate document.

Done this 5th day of December, 2005.

/s/ William R. Sawyer
United States Bankruptcy Judge

C: Von G. Memory,
James L. Day, Attorneys for Debtor
Mark D. Griffin, Attorney for State of Alabama, Department of Revenue
Patricia A. Conover, Attorney for United States Department of Treasury